**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ADAM DOUGLAS BOYLEN, ) | CASE NO. 5:07CV01697 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| STUART HUDSON, Warden, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |

Petitioner Adam Douglas Boylen (hereinafter "Boylen") challenges the constitutionality of his conviction in the cases of *State v. Boylen*, Stark County Common Pleas Case Nos. 1999-CR-0683 and 1999-CR-0712.  Boylen, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on June 7, 2007 with the United States District Court for the Northern District of Ohio.  On February 28, 2008, Respondent Stuart Hudson (hereinafter "Respondent") filed his Answer/Return of Writ.  (Doc. No. 11.)  Boylen filed a reply on March 24, 2008.  (Doc. No. 12.)  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For reasons set forth in detail below, it is recommended that the instant petition for a writ of habeas corpus be DISMISSED as time-barred.

### I. Procedural History

**A.  Initial Conviction**

In an indictment filed by the Stark County Clerk of Courts on June 11, 1999, Boylen was

charged with twelve counts of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.01.  (Doc. No. 11-2, Exh. 1.)  In another indictment filed by the Stark County Clerk of Courts on July 6, 1999, Boylen was charged with an additional five counts of aggravated robbery and one count of grand theft of a motor vehicle in violation of O.R.C. § 2913.02.  (Doc. No.; 11-2, Exh. 2.)

On August 17, 1999, after initially pleading "not guilty," Boylen, represented by counsel Jeffrey Haupt, withdrew his "not guilty" plea and entered a plea of guilty to all counts in both indictments.  (Doc. No. 11-2, Exhs. 3 & 4.)

On August 19, 1999, Boylen's motion for treatment in lieu of conviction, made pursuant to O.R.C. § 2951.041, was denied.  (Doc. No. 11-2, Exh. 5.)  That same date, Boylen was sentenced to an aggregate term of thirty-two years incarceration in Case No. 1999-CR-0683 and an aggregate term of eighteen years and five months incarceration in Case No. 1999-CR-0712. (Doc. No. 11-2, Exhs. 6 & 7.)  The sentences were ordered to be served consecutively.  *Id*.

**B.     Direct Appeal**

On September 2, 1999, Boylen, represented by counsel, filed a timely consolidated Notice of Appeal with the Fifth District Court of Appeals ("state appellate court").  (Doc. No. 11-2, Exh. 8.)  On November 13, 2000, the state appellate court affirmed the judgment of the trial court.  (Doc. No. 11-2, Exh. 11.)  The state appellate court noted that it was troubled by the length of Boylen's sentence and may have modified the sentence if the court's discretion was not bound by the clear and convincing evidence standard.  *Id*.

Boylen proceeded to file an appeal with the Ohio Supreme Court.  (Doc. No. 11-2, Exh. 12.)  On March 21, 2001, the Ohio Supreme Court dismissed Boylen's appeal as not involving

any substantial constitutional question.  (Doc. No. 11-3, Exh. 15.)

**C.    Motion To Withdraw Guilty Plea**

While Boylen's direct appeal was pending, Boylen, *pro se*, filed a motion to withdraw his guilty plea in the trial court.  (Doc. No. 11-3, Exh. 16.)  Thereafter, on November 7, 2000, Boylen, represented by counsel, filed another motion to withdraw his guilty plea and requested a hearing.  (Doc. No. 11-3, Exh. 17.)  On April 19, 2001, Boylen, represented by different counsel, filed an amended motion to withdraw his guilty plea.  (Doc. No. 11-3, Exh. 18.)  This latter motion contained an affidavit from his first trial attorney claiming that during meetings with the trial judge and prosecutor, it was agreed that Boylen would be eligible for judicial release and that Boylen pled guilty with the understanding that he might be released after ten years.  *Id*.

On May 7, 2002, the trial court denied Boylen's motion to withdraw his plea.  (Doc. No. 11-3, Exh. 20.)

On June 6, 2002, Boylen, represented by counsel, filed a Notice of Appeal with the state appellate court challenging the trial court's denial of his motion to withdraw his guilty plea. (Doc. No. 11-3, Exh. 22.)

On December 16, 2002, the state appellate court vacated the judgment of the trial court and remanded the matter for a hearing on Boylen's motion to withdraw his guilty plea.  (Doc. No. 11-3, Exh. 26.)

**D.    Re-Conviction and Direct Appeals**

On July 24, 2003, the trial court held an evidentiary hearing.  (Doc. No. 11-3, Exh. 27.) Upon agreement of the parties, Boylen was permitted to withdraw his plea of guilty and the trial court vacated the judgment and sentence.  *Id*.  Boylen again pled guilty to all charges as part of a

3

negotiated plea agreement pursuant to Ohio Criminal Rule 11(F). *Id*. The agreement called for a sentence of eight years for the charges in the first indictment to be served consecutively with a sentence of five years for the charges in the second indictment – an aggregate sentence of thirteen years. *Id*.

On August 25, 2003, Boylen, represented by counsel, filed an appeal with the state appellate court. (Doc. No. 11-3, Exh. 29.) On March 15, 2004, the state appellate court affirmed the judgment of the trial court. (Doc. No. 11-4, Exh. 34.) Subsequently, Boylen filed a motion for reconsideration arguing that the state appellate court did not consider his fifth assignment of error. (Doc. No. 11-4, Exh. 35.) Realizing that it had indeed failed to address all assignments of error, the state appellate court granted the motion and, on May 13, 2004, overruled Boylen's last assignment of error. (Doc. No. 11-4, Exhs. 35 & 36.)

On April 28, 2004, Boylen filed a Notice of Appeal with the Ohio Supreme Court. (Doc. No. 11-4, Exh. 37.) On August 4, 2004, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 11-4, Exh. 40.)

**E.     Post-Conviction Motions**

On July 7, 2004, Boylen filed a motion to vacate a void judgment with the trial court. (Doc. No. 11-4, Exh. 41.) The trial court construed Boylen's motion as a petition for post-conviction relief pursuant to O.R.C. § 2953.21. (Doc. No. 11-4, Exh. 44.) On October 15, 2004, Boylen's motion was denied as untimely, barred by *res judicata*, and failed to state grounds for which relief can be granted. *Id*.

On June 7, 2005, Boylen filed another motion to vacate void judgments, which was denied on August 22, 2005. (Doc. No. 11-5, Exhs. 45 & 46.)

4

On October 6, 2005, Boylen filed a Notice of Appeal from the trial court's August 22, 2005 decision followed by a Motion for Leave to Appeal.  (Doc. No. 11-5, Exhs. 47, 48 & 49.)

On November 1, 2005, the state appellate court denied Boylen's motion for leave to appeal stating that delayed appeals pursuant to Ohio Appellate Rule 5(A) are not allowed from post-conviction proceedings; and, that the time requirements of Ohio Appellate Rule 4(A) are jurisdictional and may not be enlarged by an appellate court.  (Doc. No. 11-5, Exh. 52.)  The state appellate court further declared that it would have denied Boylen's motion on the grounds of *res judicata* if it had been able to consider the appeal.  *Id*.  A subsequent motion for reconsideration was denied by the state appellate court.  (Doc. No. 11-5, Exhs. 53 & 54.)

On November 28, 2005, Boylen filed a Notice of Appeal with the Ohio Supreme Court.  (Doc. No. 11-5, Exh. 55.)  On February 22, 2006, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. No. 11-5, Exh. 57.)

On January 10, 2003 and July 29, 2005, Boylen filed successive petitions for a writ of habeas corpus in state courts.  (Doc. No. 11, Exhs. 74 & 76.)  These petitions were denied.  (Doc. No. 11, Exhs. 75 & 77.)

On October 1, 2004, Boylen filed a petition in mandamus and prohibition with the Ohio Supreme Court.  (Doc. No. 11-9, Exh. 83.)  Upon a motion by the state, Boylen's petition was dismissed.  (Doc. No. 11-9, Exhs. 84 & 86.)  A subsequent motion for reconsideration filed by Boylen also was denied.  (Doc. No. 11-9, Exhs. 87 & 88.)

Between March 21, 2006 and November 20, 2006, Boylen filed numerous motions and appeals – all of which were denied.  (Doc. No. 11, Exhs. 60 to 73.)

**F.     Federal Habeas Petition**

On June 7, 2007, Boylen filed a Petition for Writ of Habeas Corpus.  (Doc. No. 1.)

Boylen raises the following grounds for relief:

Ground One: Lack of Jurisdiction – Conviction unconstitutionally obtained by lack of proper vesting of jurisdiction of Stark [County] Grand Jury and Stark [County] Common Pleas [Court] in violation of Due Process and Equal Protection.

Ground Two: Conviction obtained by unconstitutional denial of fair trial by fraud and failure to afford substantial and fundamental rights.

Ground Three: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments, U.S. Constitution.

Ground Four: Petitioner was denied a right to a meaningful appeal in violation of Due Process and Equal Protection of the Fourteenth Amend[ment].

(Doc. No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions.  The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

>>applicant was prevented from filing by such State action;
>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.     One-Year Limitation**

In the instant action, Respondent asserts that Boylen's petition is time-barred because he did not file within the one-year limitations period.  Respondent contends that Boylen's conviction became final on November 2, 2004, ninety (90) days after the Ohio Supreme Court denied review and the time for filing a writ of certiorari expired; and, therefore, the statute of limitations began running on November 3, 2004.  (Doc. No. 11 at 16.)  Respondent concedes that 28 U.S.C. § 2244(d)(2) tolled the statute of limitations between June 7, 2005 and August 22, 2005 while Boylen's motion to withdraw his guilty plea was pending.[1]  *Id*.  However, Respondent contends that none of Boylen's other petitions or motions were "properly filed" under the AEDPA until March 21, 2006, by which time the statute of limitations had expired.

Respondent has failed to present any argument explaining why Boylen's other petitions or

---

[1] Respondent stated that 189 days of the one-year statute of limitations elapsed from November 3, 2004, the day the statute of limitations began, until Boylen filed a post-conviction motion on June 7, 2005.  (Doc. No. 11 at 17.)  This is a miscalculation, as the number of days that elapsed during this span of time amounts to 216 days.

7

motions were not "properly filed." The Court, however, agrees that Boylen's conviction became final on November 2, 2004. A total of 746 days elapsed since the time the statute of limitations began running on November 3, 2004 until Boylen filed his federal habeas petition on June 7, 2007. Unless the total number of days can be reduced to less than 365 due to statutory tolling, Boylen's petition would indeed be untimely.

Boylen had numerous petitions and motions pending before state courts during this time frame. Nevertheless, only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 128 S. Ct. 2, 3 (U.S. 2007); *Harrison v. Campbell*, 2007 U.S. App. LEXIS 26986 (9th Cir. 2007); *Rucker v. Bell*, 2008 U.S. Dist. LEXIS 389 (E.D. Tenn. Jan. 2, 2008). Further, if a state court ultimately denies a petition as untimely, that petition was "neither properly filed nor pending" and a petitioner would not be entitled to statutory tolling. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Boylen did not have any matters pending before the state courts during the following time frames: December 22, 2004 to June 6, 2005 (167 days)[2]; February 23, 2006 to March 20, 2006 (26 days); March 31, 2006 to April 9, 2006 (10 days); and March 1, 2007 to June 6, 2007 (98 days). In sum, at least 301 days of the statute of limitations have expired since the date Boylen's conviction became final. Thus, the Court must examine whether Boylen's post-conviction or

---

[2] Although Boylen's conviction became final on November 2, 2004, Boylen had a Petition in Mandamus pending before the Supreme Court of Ohio at that time. (Doc. No. 11-9, Exh. 83.) On December 1, 2004, the Ohio Supreme Court dismissed Boylen's petition. (Doc. No. 11–9, Exh. 86.) Boylen's subsequent motion for reconsideration was denied on December 22, 2004. (Doc. No. 11-9, Exh. 88.)

8

collateral review documents were "properly filed."

Boylen's Motion to Vacate Judgment of June 7, 2005 and his second State Habeas Petition of July 9, 2005, as well as their corresponding appeals, were largely pending in the same time frame.[3]  As stated above, Respondent concedes the former filing tolled the statute of limitations between June 7, 2005 and August 22, 2005.  After his motion was denied, Boylen, on October 6, 2005, filed an appeal from the trial court's August 22, 2005 decision.  The state appellate court found that Boylen's appeal was procedurally improper and untimely.  (Doc. No. 11-5, Exh. 52.)  Boylen's second State Habeas Petition, filed July 29, 2005, also was denied because the petition was filed in the wrong county and, therefore, "not properly filed."  (Doc. No. 11-9, Exh. 77.)

The AEDPA tolls the one-year limitations period while "'a properly filed application for State post-conviction or other collateral review . . . is pending.' § 2244(d)(2) [and t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006), *quoting Carey v. Saffold,* 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003).

Since Boylen's appeal from the trial court's August 22, 2005, decision and his second state habeas petition were not properly filed, the statute of limitations was not tolled while these matters awaited a ruling.  Though Boylen appealed these decisions, the Ohio Supreme Court, on February

---

[3]  An application for state habeas review is an application for state post-conviction review or other collateral review within the meaning of the AEDPA.  *See Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003), *overruled on other grounds as stated in Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio 2008).

22, 2006, dismissed one appeal as not involving any substantial constitutional question and affirmed the state appellate court's judgment with respect to the state habeas petition. (Doc. No. 11, Exhs. 27 & 82.) Under the plain language of the AEDPA, as well as Supreme Court precedent, post-conviction petitions that are not properly filed do not toll the statute of limitations. 28 U.S.C. § 2244(d)(2). The mere fact that Boylen appealed the state appellate court's decisions that his appeal and petition were not properly filed did not toll the statute of limitations. Indeed, it would be an incongruous interpretation of the AEDPA to find that an improperly filed petition does not toll the statute of limitations while an appeal from a dismissal of that same petition does toll the time period. In *Pace v. DiGuglielmo*, the Supreme Court found that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." 544 U.S. 408, 414 (2005). The *Pace* Court explained that time limits are "conditions to filing," as are jurisdictional matters and fee payments. *Id*. Failure to fulfill the "conditions to filing" a post-conviction or collateral petition renders such a filing improper. *Id*. Therefore, neither Boylen's improperly filed petitions nor the concomitant appeals from the denial of those petitions tolled the statute of limitations.

Thus, from August 23, 2005, the day after the trial court denied Boylen's motion to vacate, until the Ohio Supreme Court's denial of Boylen's appeals on February 22, 2006, the statute of limitations continued to run for a period of 184 days. Combining this sum with the 301 days when Boylen did not have any motions or petitions pending in state courts, it is clear that more than 365 untolled days had elapsed since Boylen's conviction became final.[4]

---

[4] The total of these two figures is 485 days. At one point in this span of time, Boylen filed a timely motion for reconsideration pursuant to Ohio App. R. 26(A). (Doc. No. 11-5, Exhs. 53 & 54.) "It is unclear whether motions for reconsideration filed pursuant

Therefore, Boylen's petition is untimely even with the benefit of statutory tolling where appropriate. Unless Boylen is entitled to equitable tolling or the factual predicate of Boylen's claim significantly postdates the day on which his conviction became final, Boylen's petition should be dismissed as time-barred.

**B.      Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Boylen claims that he did not receive records necessary to support his present claims until February 12, 2005. (Doc. No. 12 at 6, 18.) Boylen claims that documents from the Canton Municipal Clerk's office were "concealed" from him. *Id*.

Boylen's argument is without merit. Pursuant to § 2244(d)(1)(D), the statute of limitations may start on the date that the factual predicate of a claim could have been *discovered* through the exercise of due diligence and *not* on the date that a petitioner gained *access* to documents that allegedly support his claim. "[T]he limitations period begins to run under § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, *not when the petitioner recognizes the facts' legal significance*." *Shoop v. Money*, 2006 U.S. Dist. LEXIS 47937 at *18 (N.D. Ohio 2006) (internal quotation marks omitted). Thus, Boylen's unsubstantiated allegation that certain documents were concealed from him is

---

to Ohio App. R. 26(A) toll AEDPA's statute of limitations." *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). However, Boylen's motion for reconsideration was pending for no more than fourteen days before it was denied, and a mere fourteen days of tolling would still render Boylen's federal habeas petition untimely.

11

insufficient, in and of itself, to justify a later start date if he knew or could have discovered the facts necessary to support his claim.  Although Boylen's claims are not particularly clear, the essence of his claim appears to be that no charging documents were ever filed with the trial court and that he was deprived of an initial appearance.  Boylen essentially raised these same issues before the state appellate court on November 5, 2003 – well over a year before receiving the allegedly concealed records.  (Doc. No. 11-3, Exh. 31 at 20-25.)  Thus, Boylen did not need the aforementioned documentation to discover a claim he had previously advanced.  In addition, Boylen certainly would know from memory whether he was present at an initial appearance even if the legal significance of such knowledge did not become clear until a later date.  Finally, assuming *arguendo* that no charging documents were filed with the common pleas court, a petitioner exercising due diligence would have discovered these facts sooner than five years after initially pleading guilty.

For the foregoing reasons, Boylen's claim began to run on the date his conviction became final and not on a later date.[5]

---

[5] Boylen also suggests that the statute of limitations should not have commenced until he received certain documents from the municipal court, and that failure to receive these documents constituted a state created impediment under 28 U.S.C. § 2244(d)(1)(B). (Doc. No. 12 at 18.)  This Court finds Boylen has failed to show that the State of Ohio, acting in violation of the Constitution or laws of the United States, created an impediment that prevented him from timely filing an application for habeas corpus in federal court pursuant to 28 U.S.C. § 2254.  Boylen's mere lack of possession of certain documents did not impede his ability to *file* a habeas petition, especially where he had raised substantively indistinguishable claims over a year before receipt of the documents. Boylen filed numerous petitions in state court and there is no reason to believe that he was prevented from filing a timely habeas petition.  Certainly, he could have filed a federal habeas petition and then sought an evidentiary hearing to obtain the disputed documents.

**C.    Equitable Tolling**

Boylen alternatively argues that his untimely filing should be excused because he was diligently pursuing his rights but mistakenly pursued the wrong remedy (*i.e.* state habeas relief). (Doc. No. 12 at 23-24.)

The party seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The United States Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, the Supreme Court is "much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id*.  Furthermore, equitable tolling should be used sparingly. *See, e.g., Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-561.

Boylen's stated reason for his delay – that he sought the wrong remedy in state court – is insufficient to justify equitable tolling.  A petitioner's allegation "that he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library ... are not extraordinary circumstances that warrant equitable tolling for [an] extended period of delay." *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002).  Courts in this

13

circuit have consistently found that extraordinary circumstances, justifying equitable tolling, do not exist simply because a petitioner: (1) is untrained or ignorant of the law; (2) reads and writes poorly; (3) does not have access to or cannot afford professional legal assistance; or (3) received bad legal assistance. *See, e.g., Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003); *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002); *Holloway v. Jones*, 166 F. Supp.2d 1185, 1189 (E.D. Mich. 2001); *Wilson v. Renico*, 2002 U.S. Dist. LEXIS 24632, *9 (E.D. Mich. Dec. 16, 2002) (unpublished).

Since Boylen has failed to demonstrate that he pursued his rights diligently *and* that extraordinary circumstances prevented his timely filing, he has not met the burden necessary to justify equitable tolling of the AEDPA's statute of limitations. Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

### III. Other Matters

Boylen has also filed a Motion for an Evidentiary Hearing (Doc. No. 13) and a Motion to Supplement. (Doc. No. 14.)

Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 459-460 (6th Cir.2001), *citing Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994) (citation and internal quotation omitted). However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit. *Id*. As it is recommended that Boylen's petition be dismissed as untimely, the issue of whether Boylen is entitled to an evidentiary hearing is moot. Therefore, Boylen's motion for an evidentiary hearing should be

denied.

Boylen's motion to supplement seeks to bring a recent decision of the Ohio Supreme Court, *State v. Simpkins*, 2008-Ohio-1197, 2008 Ohio LEXIS 697 (Ohio Mar. 20, 2008), to this Court's attention. (Doc. No. 14.) This decision, according to Boylen, supports the merits of his claim that the common pleas court, wherein he was tried, did not have jurisdiction over the matter. However, as Boylen's petition is untimely and a review of the merits is unnecessary, this motion also should be denied as moot.

### IV.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

> /s/ *Greg White*
> U.S. Magistrate Judge

Date: May 15, 2008

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**