**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Adam Douglas Boylen,** ) | **CASE NO. 5:07 CV 1697** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| **Stuart Hudson, Warden,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Respondent.** ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 15) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

### Introduction

Petitioner, Adam Douglas Boylen, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed as time-barred. This Court originally accepted the Report and Recommendation, having found no clear error, after petitioner

1

failed to file objections to the Report and Recommendation. This Court subsequently granted petitioner's Motion for Relief from Judgment and permitted petitioner to file objections on the basis that he never received the Report and Recommendation. Petitioner has now filed objections.

### **Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

### **Discussion**

The Magistrate Judge determined that the Petition was time-barred by the applicable statute of limitations. This Court agrees.

Petitioner was originally sentenced in 1999. In 2003, he was permitted to withdraw his guilty plea and was re-sentenced. He pursued direct appeals and filed post-conviction motions. Ultimately, on July 29, 2005, petitioner filed a writ of habeas corpus in the state court which was denied. Petitioner filed the Petition herein on June 7, 2007. The Magistrate Judge found it to be untimely as not having been filed within the one-year period of limitations set forth in the AEDPA. The Magistrate Judge determined that petitioner's conviction became final on November 2, 2004- 90 days after the Ohio Supreme Court denied review of the direct appeal of petitioner's re-conviction. The period was tolled, however, from June 7, 2005 (when petitioner had filed a motion to vacate a void judgment with the trial court) through August 22, 2005 (when the trial court denied the motion). Because his appeal from the August 22 denial was untimely

and, thus, not properly filed, the limitations period was no longer tolled.  Petitioner's June 2007 Petition was, accordingly, untimely.  Petitioner agrees that his Petition became final on November 2, 2004, but contends that the limitations period was tolled by the filing of his July 29, 2005 state habeas petition.  The Magistrate Judge, however, correctly concluded that this petition was not a "properly filed" application for post-conviction relief or collateral review and, therefore, did not toll the statute of limitations.  The July 29 petition was denied by the state court as having been filed in the wrong county.  On this basis, it was not properly filed.  Petitioner takes issue with the state court's determination as to venue.  This Court, however, accepts as valid the state court's interpretation of state law and rules of practice of that state.  Petitioner's assertions in this regard, therefore, are unavailing.

Accordingly, for the reasons set forth herein and in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed.

Furthermore, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/11/08